UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE S. ELLIOTT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF VETERAN AFFAIRS, et al.,<br><br>　　　　Defendants. | Case No.　13-cv-02964-WHO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 40 |

## INTRODUCTION

Defendant Benefits Management Corporation's motion to dismiss, request for more definite statement, and motion to remand is before the Court. For the reasons stated below, the Court GRANTS the motion to remand.

## DISCUSSION

On April 29, 2013, *pro se* plaintiff Vance S. Elliott filed this action against defendants Department of Veterans Affairs and Benefits Management Corporation in the Superior Court of California, County of San Francisco. Mr. Elliott's Complaint alleges Grand Theft in violation of the California Penal Code and seeks damages of $100,000 plus attorney's fees. The Department of Veterans Affairs removed the action to this Court on June 27, 2013 pursuant to 28 U.S.C. Section 1442(a)(1) because the action is against a federal agency. Dkt. No. 1, Ex. 1 (Notice of Removal).

Mr. Elliott appears to allege that he is a diagnosed schizophrenic and, as a result, the Department of Veterans Affairs awarded him a disability pension and appointed a fiduciary, presumably Defendant Benefits Management Corporation, to manage his finances, including a monthly annuity from his pension. Mr. Elliott appears to allege that the fiduciary only disburses a portion of his annuity to him, and deposits the remainder in a bank account to which he does not have access.

On August 26, 2013, the Court granted the Department of Veterans Affairs's motion to

dismiss for lack of subject matter jurisdiction, finding, among other reasons, that the Court "lack[s] jurisdiction over a claim that requires the district court to review [Department of Veterans Affairs] decisions that relate to benefits decisions." Dkt. No. 23 at 3.

Benefits Management Corporation was served with the Complaint on October 1, 2013. On November 1, 2013, Benefits Management Corporation moved to dismiss for failure to state a claim, for a more definite statement, and, if the Court does not dismiss the action, to remand to state court. Dkt. No. 40. Mr. Elliott's response to Benefits Management Corporation's motion was due on November 15, 2013. Mr. Elliott did not file a response to Benefits Management Corporation's motion, nor did Mr. Elliott appear for oral argument on December 11, 2013.

The Court declines Benefits Management Corporation's invitation to dismiss the Complaint for failure to state a claim or to order a more definite statement. It is not clear to the Court whether Mr. Vance can state a viable claim against Benefits Management Corporation or whether his claims can only be brought in the United States Court of Appeals for Veterans Claims, as is the case with his claims against the Department of Veterans Affairs. However, at this stage, remanding the action to state court is appropriate as the Court no longer has jurisdiction over this matter. Defendant Veterans Affairs has been dismissed from this action, no federal questions are presented in Mr. Vance's Complaint and there is no diversity between the remaining parties. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court accordingly GRANTS Benefits Management Corporation's motion to remand and DENIES as MOOT its motions to dismiss and for a more definite statement.

## CONCLUSION

Benefits Management Corporation motion to remand is GRANTED. This matter is remanded to the Superior Court of California, County of San Francisco.

**IT IS SO ORDERED**.

Dated: December 26, 2013

_____
WILLIAM H. ORRICK
United States District Judge

2